39 F.3d 1188
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
SAN FRANCISCO WEB PRESSMEN AND PLATEMAKERS' UNION NO. 4,
Plaintiff-Appellee/Cross-Appellant,
v.
SAN FRANCISCO NEWSPAPER AGENCY, Defendant-Appellant/Cross-Appellee.
 Nos. 93-15655, 93-15738.
 United States Court of Appeals, Ninth Circuit.
 Submitted Oct. 7, 1994.*
Decided Oct. 25, 1994.
 
 Before: GOODWIN, O'SCANNLAIN, and KLEINFELD, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 The San Francisco Newspaper Agency ("Agency") appeals the district court's order compelling it to arbitrate with the San Francisco Web Pressmen and Platemakers' Union ("Union"). On cross-appeal, the Union appeals the district court's order denying attorney's fees incurred at trial. We affirm.
 
 
 3
 * The Agency contends that the Union failed to comply with the procedural prerequisites that condition the parties' duty to arbitrate. Because questions of procedural compliance must be determined by an arbitrator, the Agency concludes, the court must dismiss the Union's action.
 
 
 4
 It is true that courts are barred from ruling on procedural matters collateral to arbitrable issues. See John Wiley & Sons, Inc. v. Livingston, 376 U.S. 543, 557 (1964). The Agency's having asserted a defense that is based on procedural grounds does not preclude the district court from granting the Union's Petition to Compel Arbitration, however. Rather, the court is precluded only from entertaining the Agency's defense.
 
 
 5
 Wiley states clearly that although courts are barred from ruling on procedural defenses, they can nonetheless make determinations as to whether the underlying dispute between the parties is arbitrable. As the Court in Wiley concluded, "once it is determined ... that the parties are obligated to submit the subject matter of a dispute to arbitration, 'procedural' questions which grow out of the dispute and bear on its final disposition should be left to the arbitrator." Wiley, 376 U.S. at 557 (emphasis added). In essence, then, Wiley requires courts to make an initial decision of substantive arbitrability; if a dispute is indeed arbitrable, procedural matters collateral to that dispute are to be resolved by arbitration.
 
 
 6
 Here, the district court was free to rule on the substantive question of arbitrability--whether the parties are obligated to arbitrate safety grievances--raised by the Union. The court properly determined that the underlying subject matter was covered by Section I(D) of the Supplemental Agreement. The court's only role was to order arbitration of the safety issue before the "three-member panel" provided for in that section.[1] The district court did so and correctly granted the Union's Petition.
 
 II
 
 7
 The district court properly denied the Union attorney's fees incurred at trial. "[T]he award of fees is appropriate when a party frivolously or in bad faith refuses to submit a dispute to arbitration or appeals from an order compelling arbitration." United Food & Commercial Workers Union v. Alpha Beta Co., 736 F.2d 1371, 1383 (9th Cir.1984).
 
 
 8
 Despite the Union's contentions to the contrary, the Agency's conduct does not clearly evince bad faith. It is true that the Agency delayed in submitting the Union's safety grievances to arbitration. There is, however, no evidence in the record to suggest that such delay was in bad faith. Rather, the record suggests that the Agency believed from the start that the dispute was a procedural one and should be submitted to arbitration pursuant to the "Settlement of Disputes" provision of the Supplemental Agreement. Indeed, the Agency on several occasions offered to submit this procedural issue to arbitration. Finally, the Agency has presented colorable arguments in support of its position. As the district court concluded, "[a]lthough respondent may have unnecessarily delayed arbitrating petitioner's allegations and respondent's argument is weak, petitioner has not shown that the respondent was aware that their claim was baseless yet proceeded with their defense for some improper reason."
 
 
 9
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for submission on the record and briefs and without oral argument. Fed.R.App.P. 34(a), Ninth Circuit R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit R. 36-3
 
 
 [1]
 We express no opinion, nor should the district court, on the merits of procedural claims raised by the Agency. See AT & T Technologies, Inc. v. Communications Workers of America, 475 U.S. 643, 649 (1985) ("[I]n deciding whether the parties have agreed to submit a particular grievance to arbitration, a court is not to rule on the potential merits of the underlying claims.")